United States District Court
District of Massachusetts

```
                                    )
Kadie Hodnett,                      )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )    Civil Action No.
                                    )    25-12403-NMG
Entertainment and Harbor Cruises    )
LLC,                                )
                                    )
        Defendant.                  )
                                    )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

In August, 2024, plaintiff Kadie Hodnett ("plaintiff") was injured while disembarking from a vessel owned and operated by Entertainment and Harbor Cruises ("defendant"). One year later, in August, 2025, plaintiff filed the instant complaint, pleading diversity jurisdiction or admiralty jurisdiction in the alternative. Defendant responded to the complaint by denying the personal-injury tort claim and raising several affirmative defenses, including a statutory defense under the Shipowner's Limitation of Liability Act ("the Act"), 46 U.S.C. §30501 et seq.

When defendant filed its Local Rule 16.1 certification, plaintiff discovered and conceded that no basis for diversity jurisdiction exists. Notwithstanding the fact that she had also

- 1 -

pled admiralty jurisdiction in her federal complaint, plaintiff then moved to dismiss her complaint without prejudice, with the intent to refile in state court.  She contends that she is not bound to proceed in admiralty jurisdiction because defendant would not be prejudiced by dismissal.  Defendant disagrees and opposes plaintiff's motion on the grounds that dismissal would deprive it of the limitation-of-liability defense under the Act, thereby causing legal prejudice.

## I.   **Legal Standard**

A plaintiff's motion to dismiss without prejudice is considered pursuant to Fed. R. Civ. P. 41(a)(2).  The decision to allow a voluntary dismissal is within the discretion of the Court so long as no party will suffer prejudice if dismissal is granted. Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160-61 (1st Cir. 2000).  If dismissal and filing in state court would result in preclusion of a defense, that would constitute legal prejudice. See P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50-51 (1st Cir. 1981).

## II.  **Discussion**

### a. **Timeliness**

Under the Act, a shipowner has two procedural mechanisms by which to limit its liability: (1) within six months of receiving written notice of a claim, a shipowner can bring a federal action to limit liability to the value of its vessel and pending

freight, or (2) if the claimant is first to bring suit, a shipowner may limit liability in its answer filed in any court, including state court. See Vatican Shrimp Co., Inc. v. Solis, 820 F.2d 674, 677 (5th Cir. 1987).

Plaintiff purports that the six-month time period to file a federal action also applies when a defendant raises the defense in its answer.  As such, plaintiff contends that defendant's affirmative defense raised in its answer, filed 13 months after receiving written notice of the claim, is time-barred.

The Court is unpersuaded.  Contrary to plaintiff's position, the six-month time bar in the Act does not apply to affirmative defenses pled in response to a complaint. The Chickie, 141 F.2d 80, 85 (3d Cir. 1944); Deep Sea Tankers, Ltd. v. Long Branch, 258 F.2d 757, 772-73 (2d Cir. 1958).  Requiring a shipowner to file a limitation petition within six months of written notice while allowing a plaintiff to bring suit after such a period, without preserving the shipowner's ability to limit liability, would be incongruous and unfair.  Such a rule

> would tend, without an express declaration by Congress, to increase the economic burden of ship owners, thus placing them at the competitive disadvantage which the statute sought to avoid.

The Chickie, 141 F.2d at 85.

Here, plaintiff did not file suit until nearly one year after giving defendant written notice.  Once plaintiff brought

- 3 -

suit, defendant timely responded and raised the limitation defense in its answer.  That defense will not be negated by this Court.

### b. **Legal Prejudice**

Having established that defendant has a limitation-of-liability defense in this Court, the question remains as to whether the defense can be litigated in state court such that dismissal would not cause legal prejudice to the defendant.

While a defendant may limit liability by raising an affirmative defense in an answer in any court, including state court, if plaintiff contests shipowner's right to limit liability,

> only a federal court may exercise jurisdiction of the matter because the cause becomes cognizable only in admiralty.

See Vatican Shrimp, 820 F.2d at 677.  As such, if plaintiff were permitted to refile in state court and then challenges defendant's limitation defense, the state court would be without jurisdiction to hear the defense.  Time-barred from filing a limitation petition and unable to remove the case to federal court, defendant would be deprived of having its limitation defense adjudicated. See id. at 678 (noting that "solely filing in the state court an answer in which limitation is pled obviously does not provide a federal court with jurisdiction to act"); see also Romero v. Int'l Terminal Operating Co., 358 U.S.

- 4 -

354, 371 (1959) (holding that a defendant in state court may not remove a case to federal court on the basis of admiralty jurisdiction alone).

In sum, defendant would be precluded from limiting its liability through no fault of its own.  While a "prudent shipowner would file a timely [46 U.S.C. §30529] petition in district court" upon receipt of written notice, such a filing is unnecessary if plaintiff files her complaint in federal court, thereby affording defendant the opportunity to have a federal court adjudicate the matter. See Vatican Shrimp, 820 F.2d at 678.  Because plaintiff opposes application of the limitation-of-liability defense even in federal court and has not stipulated to allow such a defense in state court, dismissal would cause legal prejudice to defendant. See Urohealth Sys., 216 F.3d at 160; Leith, 668 F.2d at 50-51.

The Court recognizes plaintiff's preference to proceed by jury trial in state court but does not agree that she has an inviolable right to such a trial.  This matter has been properly pled under the Court's admiralty jurisdiction and will proceed accordingly with a bench trial if necessary. See Fitzgerald v. U.S. Lines Co., 374 U.S. 16, 19 (1963); Concordia Co., Inc. v. Panek, 115 F.3d 67, 70 (1st Cir. 1997).

- 5 -

- 6 -

## ORDER

For the foregoing reasons, plaintiff's motion to dismiss (Docket No. 18) is **DENIED**.

**So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
Senior United States District Judge

Dated:  April 16 , 2026